IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAY MILLAWAY<br>(BOP Register No. 19885-078),<br><br>　　　　Petitioner,<br><br>V.<br><br>M. UNDERWOOD, Warden,<br><br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:18-cv-2455-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Ray Millaway, a federal prisoner incarcerated in this district, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that, by not crediting him the time he spent in state custody prior to commencement of his federal sentence, the Bureau of Prisons ("BOP") "is improperly calculating and executing [his] sentence, resulting in the illegal extension of [his] term of imprisonment." Dkt. No. 3.

His action has been referred to the undersigned United States magistrate for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The government filed a response opposing relief. *See* Dkt. Nos. 7 & 8. And Millaway filed a reply brief, *see* Dkt. No. 15, and motion to expedite, *see* Dkt. No. 17.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent that these findings and conclusions are now being

entered, the Court should grant Millaway's motion to expedite and then dismiss his petition, as he has received all the credits to which he is entitled.

## Applicable Background

Millaway was arrested by state authorities in Denton County, Texas on February 23, 2012 and was charged with manufacturing/delivery of a controlled substance, deadly conduct discharge of a weapon, and possession of marijuana. *See* Dkt. No. 8-1 at 5 (¶ 6) & 21; *State v. Millaway*, Nos. F-2012-1053-A, -1054-A, -1055-A, -1056-A (16th Jud. Dist. Ct., Denton Cnty., Tex.).

He was delivered to federal custody pursuant to a writ of habeas corpus *ad prosquedeum* on May 15, 2012. *See* Dkt. No. 8-1 at 6 (¶ 7) & 23-24.

After pleading guilty, he was adjudged guilty of possession of a firearm while an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and he was sentenced to 102 months of imprisonment. *See United States v. Millaway*, No. 4:12CR00101-001 (E.D. Tex. Feb. 5, 2014) [Dkt. No. 8-1 at 27-32]. The federal judgment provided that his federal "term of imprisonment shall run concurrently with any term that may be imposed [in the four state criminal actions then-]pending ... for charges related to this instant offense conduct." Dkt. No. 8-1 at 28.

Millaway was returned to state custody on February 13, 2014 subject to a federal detainer. *See id.* at 6 (¶ 9) & 23-24.

On June 4, 2014, he received a 12-year total sentence as to his four state criminal cases and was awarded 836 days of jail credit. *See id.* at 6 (¶ 10) & 34-41.

Millaway paroled from his state sentences on July 22, 2015 and was released to

his federal detainer. *See id.* at 6 (¶ 11) & 43-46.

## Legal Standards and Analysis

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).

The BOP calculated Millaway's sentence as beginning on February 5, 2014, the date it was imposed. *See* Dkt. No. 8-1 at 8 (¶ 19). As to the execution of his sentence, Millaway challenges the BOP's decision not to credit him the jail time beginning from his arrest on state charges on February 23, 2012 through his federal sentencing, arguing that, because the federal sentencing court determined that his federal sentence shall run concurrently with his state sentences, since the State of Texas awarded him jail credit beginning from the date of his arrest on state charges, so should the BOP.

First, Millaway has not shown that the BOP erred by computing that his federal sentence commenced on the date that it was imposed. As another Texas federal court aptly put it,

> [t]he sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence.

*Ramirez v. Upton*, No. 1:07cv961, 2010 WL 519731, at *3 (E.D. Tex. Feb. 9, 2010) (citations omitted).

> Indeed, the statute applicable to pretrial jail credits provides:
>
> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

"Under this subsection, 'the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing.'" *Gibbs v. Mejia*, No. 3:15-cv-946-N-BN, 2016 WL 8711727, at *2 (N.D. Tex. Nov. 15, 2016) (quoting *United States v. Sampson*, Crim. A. No. 07-30039, 2009 WL 89637, at *1 (W.D. La. Jan. 9, 2009)), *rec. accepted*, 2016 WL 8711734 (N.D. Tex. Dec. 16, 2016); *see also United States v. Bernal-Gloria*, 732 F. App'x 322, 322 (5th Cir. 2018) (per curiam) ("[A] district court is not authorized to decide the amount of credit that a defendant receives. Rather, the Attorney General, through the Bureau of Prisons, determines what credit, if any, is awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." (citations omitted)).[1]

---

[1] *Cf. In re U.S. Bureau of Prisons, Dep't of Justice*, 918 F.3d 431, 439 (5th Cir. 2019) ("Confusion sometimes arises ... when a defendant requests that the district

Pertinent to Millaway's contentions, the BOP did not grant him the jail-time credit he now seeks because Texas credited that time to his state sentences. *See* Dkt. No. 8-1 at 7 (¶ 17) & 51-54; *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) ("Because the nine months he spent in state custody between November 1998 and August 1999 were 'credited against another sentence,' the BOP was not required to credit that time toward his federal sentence."); *Pierce v. Fleming*, 150 F. App'x 344, 345 (5th Cir. 2005) (per curiam) ("[B]ecause the record indicates that the time that Pierce spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum* was credited against his state sentence, the BOP correctly applied 18 U.S.C. § 3585(b)(2) when it did not include this time as a credit towards Pierce's federal sentence." (citing *Vignera v. Attorney Gen. of the United States*, 455 F.2d 637, 637-38 (5th Cir. 1972)).

*Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), "recognized an exception to the pre-sentence credit rule" set out in Section 3582(b) that occurs "when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date," which exception entitles an inmate to "receive *Willis* credit toward his federal sentence for all pre-sentence, non-federal

---

court award credit for time served [prior to the date his federal sentence commences] and the court purports to grant or deny this request at sentencing. Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision. The sentencing court does 'retain residual authority' to consider a defendant's time in custody. If the court determines that the BOP will not credit a defendant's prior time served, the court can reduce the defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines. But the district court must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit." (citations omitted)).

custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins." *Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009) (per curiam) (citation and footnote omitted); *see also Kayfez v. Gasele*, 993 F.2d 1288, 1289-90 (7th Cir. 1993); BOP Program Statement 5880.28.

The BOP considered this exception and found it not applicable. *See* Dkt. No. 8-1 at 8 (¶¶ 20 & 21) & 77-78. This conclusion is not in error. As the United States Court of Appeals for the Fifth Circuit explained, where the petitioner's concurrent state and federal sentences were postured similarly to Millaway's,

> [Petitioner] High asserts that he is excepted from § 3585(b)'s double-credit prohibition because his concurrent state sentences were fully discharged in 2009, causing his nonfederal full-term date to become shorter than his federal full-term date of 2021. To the contrary, High's early discharge from state custody had no bearing on his applicable nonfederal full-term date because the BOP calculates a prisoner's time-served credits as of the date he enters federal custody using his "raw" (as-imposed) nonfederal full-term date, not the date on which his nonfederal sentence actually expires. Because at the time he entered federal custody High's "raw" 70-year state term of incarceration dwarfed his concurrent 30-year federal sentences, the BOP correctly determined that he was not entitled to double credit for the 582 days he spent in presentence state detention.

*High v. Maiorana*, 668 F. App'x 122, 123 (5th Cir. 2016) (per curiam) (citations omitted).

In sum, because the BOP correctly credited Millaway with time under Section 3585(b), the Court should deny his Section 2241 petition.

## Recommendation

The Court should grant Petitioner Ray Millaway's motion to expedite and dismiss his application for a writ of habeas corpus under 28 U.S.C. § 2241.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 10, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE